UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                            Case No.: 8:19-cr-97-CEH-SPF

RICHARD ALLEN BELL
_____/

**ORDER**

This matter comes before the Court on Defendant's "Motion for Compassionate Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) Under 4205(g)" (Doc. 32). Defendant requests compassionate release under the First Step Act due to COVID-19 concerns.[1] The Government filed a response in opposition (Doc. 35). The Court, having considered Defendant's motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

**I.   BACKGROUND**

Pursuant to a guilty plea accepted April 2, 2019, Defendant Richard Allen Bell was adjudicated guilty on June 13, 2019, of one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Docs. 18, 30. Defendant was sentenced to a total term of 40 months' imprisonment, 36 months' supervised release, and ordered to pay $342,216.64 in restitution. Doc. 30 at 2–3, 5. Defendant is a 58-year-old white male who is incarcerated at Edgefield FCI in South Carolina with a

---

[1] Coronavirus disease 2019, known as COVID-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

scheduled release date of May 28, 2022. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed Feb. 11, 2021). On June 12, 2020, Defendant moved for compassionate relief requesting modification of his sentence due to the COVID-19 pandemic coupled with his medical conditions and family circumstances. Doc. 32.

Defendant first argues that exhaustion of administrative remedies is unnecessary and futile. *Id.* at 4. Defendant next contends that he should be afforded compassionate release because he has medical conditions which cause him to be "extremely vulnerable to contracting COVID-19 and then suffering potential dire complications from the virus." *Id.* at 2–3. Defendant claims he suffers from coccidioidomycosis, also known as Valley Fever, a fungus which severely damages lung tissue and which Defendant claims has damaged 30% of his right lung. *Id.* at 2. Defendant states this disease has caused him to suffer from COPD (chronic obstructive pulmonary disease), and these severe respiratory issues make him vulnerable to serious complications should he contract COVID-19. *Id.* at 3. Defendant also claims to suffer from colitis and high blood pressure. *Id.* Although Defendant has not filed medical records on his behalf, the Government filed medical records of Defendant under seal, which the Court has reviewed. Further, Defendant alleges that he suspected there may have been three unofficial cases of COVID-19 reported, but that the BOP was not notifying the prisoner population fearing a panic. *Id.* He claims the BOP's response to COVID-19 has been "totally ineffective" and that staff are not wearing protective gear. *Id.* Defendant also raises issues of family circumstances noting that his wife is working

full time to support his family, including caring for their daughter and "looking after his elderly parents" and that she needs his help. *Id.*

In response, the Government states that Defendant did not exhaust administrative remedies before filing the instant motion, and therefore the motion should be dismissed. Doc. 35 at 1–7. And because Defendant is not older than 65 and his familial circumstances do not support a reduction in his sentence, Defendant must demonstrate extraordinary and compelling circumstances under USSG §1B1.3, which the Government argues Defendant fails to do. First, Defendant has provided no supporting medical documentation to satisfy his burden, and second, the medical records the Government obtained from the BOP do not show his medical conditions rise to the level of severity to warrant compassionate release. *Id.* at 5–13. According to the Government, the BOP medical records reference diverticulitis, high blood pressure, and a history of Valley Fever in the early 2000's with scarring in the right lung, however, these issues were self-reported, and the records did not reflect a diagnosis of COPD. *Id.* at 11. Moreover, a January 30, 2020 x-ray of Defendant's lungs showed that his lungs were clear. *Id.* Further, the Government states that Defendant is classified as a Care Level 2 inmate, meaning that his conditions are stable such that they can be effectively managed at the prison. *Id.* at 11–13; *see also* Doc. 35-2 at 5.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

(internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction follows the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally must establish that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### A.     Failure to Satisfy Administrative Exhaustion

Defendant has not satisfied administrative exhaustion, and thus, for this reason alone, Defendant's motion is due to be denied. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies within the BOP before moving for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies or 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, No. 3:97-cr-120-J-34PDB, 2020 WL 5106694, at *3 (M.D. Fla. Aug. 31, 2020).

Here, Defendant has offered no evidence to demonstrate he made any effort to exhaust his administrative remedies by first seeking compassionate release from the BOP Warden, apparently deeming it futile to do so. Doc. 32 at 2. Because Defendant has not exhausted his administrative remedies, he may not pursue his claim in this Court and his motion is due to be denied.

### B.     No Extraordinary and Compelling Reasons Exist

Even if Defendant could show he exhausted administrative remedies, his motion nevertheless fails to show an extraordinary or compelling reason for compassionate release. Under *Hamilton*, a defendant must establish that compassionate release is warranted. 715 F.3d at 337. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria, or; (2) that he has an extraordinary and compelling reason for

6

compassionate release. Here, Defendant is 58 years old and has been incarcerated for approximately 18 months of a 40-month sentence. Doc. 30 at 2. Thus, Defendant does not qualify for compassionate release under the first provision and must demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A).

"[T]he mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release even when a large number of other prisoners at the facility contracted COVID-19 and recovered. *United States v. Alexander*, No. 6:18-cr-124-Orl-37GJK, 2020 U.S. Dist. LEXIS 134347, at *2 (M.D. Fla. July 29, 2020) (holding that a prisoner did not show extraordinary and compelling reasons for compassionate release based on stable medical conditions including controlled asthma when the BOP website noted that many inmates had recovered from COVID-19 but the prison was not currently "plagued with COVID-19 cases"). Here, Defendant fails to provide medical evidence showing that his medical conditions are unstable or uncontrolled. Further, Defendant does not claim he is not receiving medical care for his condition or cannot care for himself. In fact, the records submitted by the Government demonstrate his medical conditions are being monitored, he is receiving medications and care, and Defendant's motion indicates he uses an inhaler daily. As noted by the Government, Defendant's conditions are not as

7

debilitating as he claims; they are stable and controlled, and he is receiving medical monitoring and care. Doc. 35 at 11–13.

Defendant claims it is inevitable that COVID-19 will spread to Edgefield FCI. Doc. 32 at 2–3. And while this may be the case, it appears that the facility is managing any outbreak. Data retrieved from the BOP website shows that Edgefield FCI currently has 4 inmates and 23 staff members testing positive for COVID-19, with 219 inmates and 10 staff members having recovered from COVID-19. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed Feb. 11, 2021). There have been two inmate deaths due to COVID-19. *See id.* The Court finds that Defendant has not provided evidence that his medical conditions are such that he cannot adequately care for himself in the prison environment. And although COPD has been identified as a risk factor for COVID-19 according to the Centers for Disease Control (CDC), Defendant does not provide evidence of such a diagnosis. The Court notes that Defendant's medical records show his lungs were clear in x-rays taken on January 30, 2020, and again on May 7, 2020. While the Court is sensitive to legitimate public safety concerns created by the COVID-19 pandemic, the possibility of exposure to COVID-19 alone cannot constitute extraordinary and compelling reasons for compassionate release.

Defendant's reference to familial circumstances similarly do not provide Defendant with a remedy. Defendant's contention that he needs to help his working wife care for his daughter and elderly parents does not qualify as an extraordinary and compelling reason. Specifically, as discussed in the Commentary to USSG, § 1B1.13,

"family circumstances" constituting an extraordinary and compelling reason refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Such circumstances do not exist here, and there is no record evidence to demonstrate why this provision should be extended to Defendant's situation. Thus, Defendant fails to satisfy his burden of showing extraordinary and compelling circumstances exist to support a reduction in his sentence. Having shown that Defendant has not met his burden of proof in establishing extraordinary and compelling reasons for compassionate release or resentencing, the Court need not analyze the sentencing factors in 18 U.S.C. § 3553(a). Defendant's Motion is due to be denied. Accordingly, it is hereby

    **ORDERED**:

    Defendant's Motion for Compassionate Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) Under 4205(g) (Doc. 32) is **DENIED**.

    **DONE AND ORDERED** in Tampa, Florida on February 11, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Richard Bell, *pro se*
Counsel of Record